UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


EDDIE P. LEWIS                    :
                                  :                    PRISONER
        v.                        :      Case No. 3:09cv2071(DJS)
                                  :
FELICIANO                         :


<u>RULING AND ORDER</u>

The petitioner, Eddie P. Lewis, currently confined at the Enfield Correctional Institution in Enfield, Connecticut, commenced this action for writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254.  He challenges his state court conviction for robbery in the first degree.  For the reasons that follow, the petition is denied.

I.   <u>Factual Background</u>

The Connecticut Appellate Court determined that the trial court reasonably could have found the following facts.  On January 25, 2001, Lewis entered a Carvel store wearing a black leather jacket, a black hood pulled over his head and a mask covering the lower part of his face.  The supervisor recognized Lewis as the man who had applied for a job at the store a few days earlier.  She remembered that he had used the name Edward Preston on the application and addressed him as "Edward."  Lewis responded, "yo."  The supervisor later relayed this information to the police.  *State v. Lewis*, 83 Conn. App. 489, 491(2004).

Lewis told the supervisor that he was going to rob the store.  He approached the supervisor, showed her the butt of a gun, threatened to use the gun and ordered her to lead him to the store's safe.  He ordered the other employee in the store to accompany them to the safe and pulled her by her shirt.  The other employee testified that Lewis held the gun in his hand. *Id.*

Lewis took money from the store's safe and cash register. As he was leaving the store, he told the women to call the police.  After Lewis left the store, the supervisor tried to follow him but could not catch him.  *Id.*

The supervisor saw Lewis' photograph in a March 3, 2001 newspaper and recognized him as the man who had robbed the Carvel store on January 25, 2001.  She showed the photograph to the other employee who had been working during the robbery and both agreed that Lewis was the man who had robbed the store.  The supervisor reported this information to the police.  *Id.*

Lewis' defense was that his crime was a larceny, not a robbery, because he did not use or threaten to use force.  He testified that he was acquainted with the supervisor's husband, had visited their home and met the supervisor before the robbery. Lewis stated that the supervisor's husband, who owed him money, suggested that Lewis go to the Carvel store while his wife was working and get money from the store in satisfaction of the debt.

-2-

Lewis testified that he never intended to use force to rob the store; the supervisor was aware that he was coming and would just give him the money. *Id.* at 492.

During cross-examination, the state questioned Lewis about phone calls to the supervisor after the robbery. These phone calls had been recorded by prison officials on audio tapes. Defense counsel objected on the grounds that the questions exceeded the scope of direct examination and related to a criminal charge of tampering with a witness on which Lewis was not represented. The court also expressed concern about this line of questioning. *See* Doc. #25, Resp't's Mem. App. Q, Trial Transcript, at 200-11.

II.  Procedural Background

Upon the advice of defense counsel, Lewis waived his right to a jury trial and was tried to the court. The court canvassed Lewis on the waiver of his right to a jury trial and found the waiver knowing, intelligent and voluntary. *See Lewis v. Warden*, No. CV030004202, 2007 WL 2757268, at *1 (Conn. Super. Ct. Sept. 7, 2007). Lewis was convicted and sentenced to a term of imprisonment of fourteen years, followed by six years of special parole. *Lewis*, 83 Conn. App. at 492.

On direct appeal, Lewis challenged his conviction on the ground that there was insufficient evidence to support a conviction for robbery and threatening. *Id.* The conviction was

affirmed and the Connecticut Supreme Court denied certification. *Id.* at 496, *cert. denied*, 271 Conn. 903 (2004).

In October 2003, while his direct appeal was pending, Lewis filed a petition for writ of habeas corpus in state court.  In the amended petition filed by counsel, Lewis challenged his conviction on grounds of ineffective assistance of trial counsel and trial irregularities.  Specifically, Lewis alleged that trial counsel was ineffective in that he:  (1) failed to adequately advise Lewis concerning the implications of waiving his right to a jury trial; (2) promised that Lewis would receive a sentence of only seven years incarceration if he elected a court trial; (3) unduly pressured Lewis to elect a court trial; (4) failed to properly investigate potential witnesses and present exculpatory evidence; (5) failed to advise Lewis of his available defenses; (6) failed to advise Lewis concerning other charges pending against him and failed to prepare him to testify; (7) failed to inform the court of a conflict involving Lewis' potential defenses and the other charges pending against him; and (8) engaged in pretrial negotiations without authorization.  Lewis also alleged that the trial court:  (1) improperly allowed the state to question Lewis about other pending charges and did not canvass Lewis on his Fifth Amendment right against self-incrimination; (2) failed to appoint an attorney to represent Lewis on the other pending charges and failed to advise him of

-4-

his right to counsel on those charges; and (3) inappropriately considered the other pending charges as part of the deliberation process. *See* Resp't's Mem. App. J, Amended Petition included in Record on Appeal at 3-9.

Following a trial at which Lewis, an expert witness, Lewis' mother, and trial counsel testified, the state court denied the petition. *See Lewis v. Warden*, No. CV030004202, 2007 WL 2757268 (Conn. Super. Ct. Sept. 7, 2007).

Lewis appealed the denial of the state habeas on four grounds: (1) ineffective assistance of counsel regarding the waiver of trial by jury, (2) ineffective assistance of counsel by allegedly denying Lewis the right to decide whether to testify at trial, (3) failure of the trial court to appoint counsel during the criminal trial for charges pending in a separate proceeding, and (4) failure of the habeas court to consider the testimony of Lewis' expert witness. The Connecticut Appellate Court affirmed Lewis' conviction and the Connecticut Supreme Court denied certification without comment. *See Lewis v. Commissioner of Correction*, 117 Conn. App. 120, 129, *cert. denied*, 294 Conn. 904 (2009).

The Connecticut Appellate Court considered the first and fourth claims on the merits. The court declined to review the second claim because Lewis procedurally defaulted this claim by failing to raise that claim in his amended habeas petition. *Id.*

at 126.  The Connecticut Appellate Court declined to review the third claim because Lewis failed to adequately brief that claim on appeal.  *Id.* at 127-28.

While the appeal of his first state habeas petition was pending, Lewis filed a second petition for writ of habeas corpus in state court.  Lewis withdrew that petition on November 23, 2010.  *See* Resp't's Mem. App. S, Case Detail for *Lewis v. Warden*, No. CV08-4002360-S.

III. Standard of Review

The federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws.  28 U.S.C. § 2254(a).  A claim that a state conviction was obtained in violation of state law is not cognizable in the federal court.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

The federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding.

28 U.S.C. § 2254(d).  The federal law defined by the Supreme Court "may be either a generalized standard enunciated in the Court's case law or a bright-line rule designed to effectuate such a standard in a particular context." *Kennaugh v. Miller*, 289 F.3d 36, 42 (2d Cir. 2002).  Clearly established federal law is found in holdings, not dicta, of the Supreme Court at the time of the state court decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006).

A decision is "contrary to" clearly established federal law where the state court applies a rule different from that set forth by the Supreme Court or if it decides a case differently than the Supreme Court on essentially the same facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002).  A state court unreasonably applies Supreme Court law when the court has correctly identified the governing law, but unreasonably applies that law to the facts of the case.  The state court decision must be more than incorrect; it also must be objectively unreasonable, "a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1). *See*

*Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011)
(standard for evaluating state-court rulings where constitutional
claims have been considered on the merits and which affords
state-court rulings the benefit of the doubt is highly
deferential and difficult for petitioner to meet).  In addition,
the federal court's review under § 2254(d)(1) is limited to the
record that was before the state court that adjudicated the claim
on the merits.  *Id.* at 1398.  Because collateral review of a
conviction applies a different standard than the direct appeal,
an error that may have supported reversal on direct appeal will
not necessarily be sufficient to grant a habeas petition.  *Brecht
v. Abrahamson*, 507 U.S. 619, 634 (1993).

IV.  Discussion

    Lewis challenges his conviction on five grounds:  (1) Lewis
was not allowed to decide whether to testify at trial and trial
counsel failed to prepare him adequately for the possibility of
testifying; (2) Lewis was not allowed to decide whether to have a
jury trial or court trial; (3) the habeas court failed to
acknowledge the uncontradicted testimony of Lewis' expert witness
regarding the effectiveness of trial counsel's representation;
(4) the trial court abused its discretion by permitting the state
to question Lewis at trial regarding pending and uncharged
crimes, failing to appoint counsel to represent Lewis regarding
those crimes while he was being questioned at trial, failing to

advise Lewis of his rights to counsel and against self-incrimination regarding the uncharged crimes, considering the pending and uncharged crimes when it convicted him on the charge of robbery, and not considering the uncontradicted testimony of Lewis' expert witness[1]; and (5) trial counsel was ineffective in that he failed to review and present exculpatory evidence and failed to properly investigate the case and potential witnesses. Pet. at 10, 13, 15, 17-18.

In addition to addressing the merits of the grounds for relief, the respondent reasserts his argument that Lewis has not exhausted his state court remedies with regard to grounds for relief 1, 4 and 5. The court previously denied the respondent's motion to dismiss for failure to exhaust state court remedies and will not revisit that issue here.

A. <u>Decision to Testify at Trial</u>

In his first ground for relief, Lewis contends that he was not allowed to decide whether he would testify at the criminal trial. Lewis presented this claim to the Connecticut Appellate Court on appeal from the denial of his first state habeas petition. The Connecticut Appellate Court considered the claim procedurally defaulted because Lewis raised the claim for the first time on appeal; the claim was not included in the amended

---

[1]This last factual assertion refers to the actions of the habeas court, not the trial court, and repeats the claim in ground three.

habeas petition before the lower court.  *Lewis*, 117 Conn. App. at 126.  The Connecticut Supreme Court denied certification without comment, thereby agreeing with the Appellate Court's reasoning. *Lewis*, 294 Conn. at 904; *see Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991) (applying rebuttable presumption that "later unexplained orders upholding []judgment or rejecting the same claim rest upon the same ground").

A state prisoner who defaults on his federal claim in state court pursuant to an independent and adequate state procedural rule cannot obtain federal habeas review of that claim unless he can demonstrate cause for the default and actual prejudice resulting from the default or he can show a sufficient probability that failure to consider the claim will result in a fundamental miscarriage of justice.  *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)

Neither in his federal petition nor in his reply brief does Lewis allege facts suggesting cause for failing to raise this claim in his state habeas petition.  In addition, since his defense at trial was that he committed larceny, not robbery, he cannot demonstrate actual innocence of the charge.  *See United States v. Thorn*, 659 F.3d 227, 233-34 (2d Cir. 2011) ("in order to demonstrate his actual innocence, [petitioner] must prove his 'factual innocence, not mere legal insufficiency'").  The petition for writ of habeas corpus is denied as to the first

ground for relief.

    B.   Election of Court Trial

    Lewis next argues that his attorney pressured him to forego his right to a jury trial and elect a court trial.  Lewis argues that he had to make his decision in less than thirty minutes and that trial counsel pressured Lewis' mother to convince Lewis to make the election.  Although the court canvassed Lewis about his election, Lewis contends that the court was unaware of the pressure exerted by counsel.  The Connecticut Appellate Court addressed this claim in the context of Lewis' claim of ineffective assistance of trial counsel.

    The Connecticut Appellate Court found the following facts relating to this claim.  At his arraignment, Lewis entered a plea of not guilty and requested a jury trial.  Before the start of trial, however, counsel informed the court that Lewis had decided to change his election to a court trial.  The court canvassed Lewis and took a recess to afford Lewis additional time to discuss with counsel the implications of changing his election. After the recess, the court asked Lewis if he had been pressured to change his election.  Lewis responded that he had not been pressured.  The court found that Lewis intelligently, knowingly and voluntarily waived his right to a jury trial. *Lewis*, 117 Conn. App. at 123.

At the habeas trial, however, Lewis testified that counsel had pressured him into changing his election by telling him that counsel was a friend of the judge and Lewis would not receive more than a seven-year sentence if he were convicted in a court trial.  Lewis also testified that counsel spoke to his mother, who was crying when she spoke to Lewis and encouraged him to change his election so he would receive at most a seven-year sentence.  Lewis' mother testified at the habeas hearing and confirmed Lewis' version of events.  *Id.* at 124.

Counsel testified at the habeas trial that he had recommended a court trial because a judge might be more likely than a jury to understand and credit Lewis' defense.  Counsel stated that he never told Lewis that he would not receive more than a seven-year sentence if he were convicted after a court trial.  Counsel was adamant that the final decision was made by Lewis.  *Id.*

The habeas court did not credit Lewis' version of events.  The court believed counsel's testimony and Lewis' responses when canvassed by the trial court.  The habeas court found that counsel had adequately advised Lewis of the implications of changing his election and that Lewis did so intelligently, knowingly and voluntarily.  *Id.*

Criminal defendants may waive their right to trial by jury.  *See Duncan v. Louisiana*, 391 U.S. 145, 158 (1968).  The waiver

will be accepted if it is made intelligently, knowingly and voluntarily. *See Brady v. United States*, 397 U.S. 742, 748 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."); *Johnson v. Zerbst*, 304 U.S. 458, 464-65 (1938) (requiring an intelligent and competent waiver of constitutional rights).

In analyzing this claim, the habeas court applied the standard articulated by the Connecticut Supreme Court in *State v. Ouellette*, 271 Conn 740, 758 (2004). In that decision, the Connecticut Supreme Court identified a standard that mirrors the Supreme Court standard articulated in *Brady* and *Johnson*. Because the habeas court applied the correct legal principles, the decision of that court is not contrary to clearly established federal law*. See Lurie v. Wittner*, 228 F.3d 113, 127 (2d Cir. 2000) (ruling is contrary to established federal law when state court applies law contradicting Supreme Court precedent)*; see also Early v. Packer*, 537 U.S. 3,8 (2002) (state court not required to cite Supreme Court cases, or even be aware of them, to be entitled to deference, as long as neither the reasoning nor the result of the state court decision contradicts the governing law set forth in Supreme Court cases).

The habeas court set forth a detailed account of the

-13-

circumstances surrounding Lewis' change of election, quoting portions of the trial transcript where the trial court explained the differences between a trial by the court and a trial by jury. The habeas court did not credit the testimony of Lewis and his mother.  The court noted that Lewis answered all questions during the canvass without hesitation, clearly expressed his understanding of the difference between a trial by the court and a trial by jury, and was afforded sufficient time to confer with counsel regarding the decision.  Lewis told the court that he understood his choice and had no questions.  The habeas court found not credible Lewis' testimony that he only elected trial by court because counsel had promised a sentence of no more than seven years and found credible counsel's testimony that he made no such promise.  Thus, the habeas court determined that Lewis acted voluntarily, intelligently and knowingly when he changed his election.  *Lewis v. Warden*, 2007 WL 2757268, at *4-5.

To prevail on this claim, Lewis must show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings."  28 U.S.C. § 2254(d)(2).  In its review, however, the federal court presumes that factual determinations made by the state court are correct unless the petitioner rebuts the presumption with "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see also Miller-el*

*v. Cockrell*, 537 U.S. 322, 341 (2003) (petitioner must demonstrate that state court's factual determination was objectively unreasonable).  This presumption of correctness applies to both "historical facts, that is, recitals of external events and the credibility of the witnesses narrating them." *Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).  It is inappropriate for the federal court to alter a credibility determination of the state court when the state court observed the demeanor of the witness and the federal court did not. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983).

Lewis argues that the habeas court improperly credited the testimony of counsel and rejected his version of events.  He presents no evidence, however, to overcome the presumption of correctness applied to the factual findings of the state court. Thus, this court concludes that the Connecticut Appellate Court's deference to the habeas court's credibility findings was a reasonable application of federal law.  The petition for writ of habeas corpus is denied as to the second ground for relief.

C.   Habeas Court's Treatment of Expert Witness Testimony

In his third ground for relief, Lewis argues that the habeas court failed to consider the uncontradicted testimony of his expert witness.  With regard to Lewis' defense, that the crime was an "inside job," the expert stated that trial counsel should have introduced evidence showing a connection between Lewis and

the victim or the victim's husband.  He also stated that the taped conversations between Lewis and the victim were not necessary for Lewis to establish his defense or for the State to establish the elements of the crime.  Lewis states that, at the habeas hearing, his trial attorney agreed with the expert that he had made an error at trial regarding the use of audio tapes of telephone calls from Lewis to a witness.  The expert opined that trial counsel should have listened to the tapes and filed a motion in limine or a motion to suppress introduction of the tapes.

The Connecticut Appellate Court reviewed the record and determined that nothing in the record suggested that the habeas court failed to consider all of the evidence before it, including the testimony of the expert witness. *Lewis*, 117 Conn. App. at 128-29. In fact, the habeas court's decision indicates that the court's findings of fact were "[b]ased upon a full review of the testimony and evidence . . . ." *Lewis*, 2007 WL 2757268, at *1. Lewis appears to presume that, because the habeas court decision is not in accord with the expert's testimony, the court did not consider that testimony.

Lewis characterizes the expert witness' testimony as uncontradicted, presumably because the state did not present its own expert witness.  This characterization is incorrect. Although there was no other expert testimony, there was other

evidence and testimony that contradicted the expert's testimony, evidence that the habeas court relied upon in its decision.

The habeas court was not required to accept without question the testimony of the expert witness.  Just as with any witness, the court could determine the credibility of the expert witness in light of the other testimony and record evidence.  The Connecticut Appellate Court deferred to the habeas court's credibility determination and evaluation of the evidence.[2]  That deference was not unreasonable and does not warrant habeas corpus relief.  The petition for writ of habeas corpus is denied as to this ground.

D.   Trial Court's Abuse of Discretion

In his fourth ground for relief, Lewis argues that the trial court abused its discretion in several ways: the trial court should not have permitted the prosecutor to question him regarding uncharged misconduct when Lewis was not represented by counsel as to that uncharged misconduct; the trial court failed to appoint counsel to represent Lewis during the criminal trial as to the uncharged misconduct; the trial court failed to advise

---

[2]Further, it is not clear that the habeas court discounted the expert's entire testimony.  For example, the expert testified that trial counsel's performance was deficient regarding introduction of the audio tapes.  The habeas court conceded that counsel's actions might have been deficient, but explained that Lewis failed to establish the remaining requirement to prevail on his claim of ineffective assistance of counsel.  Thus, the habeas court considered the expert's testimony but did not accept his legal conclusion.

Lewis of his Fifth Amendment rights regarding his testimony about the uncharged misconduct; and the trial court considered the uncharged misconduct as evidence of consciousness of guilt. In essence, Lewis' claim was "that the court violated his sixth amendment right to counsel by failing to appoint an attorney to represent him during the criminal trial with respect to other charges in a separate proceeding." *Lewis*, 117 Conn. App. at 122. Lewis also contends that the habeas court failed to consider the testimony of his expert witness.  This last allegation repeats the third ground for relief addressed above and will not be discussed again.

The Connecticut Appellate Court declined to review Lewis' right to counsel claim because he "failed to cite any case law or offer any meaningful analysis with respect to his claim that . . . he was entitled to representation with respect to separate pending charges in a different proceeding." *Id.* at 127-28.  Thus, the claim was procedurally defaulted.

As explained above, to obtain federal review of this claim, Lewis must demonstrate cause for failing to properly present the claim to the Connecticut Appellate Court and prejudice resulting therefrom.  *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). With regard to cause, Lewis argues that any error was committed by his attorney.  The court assumes that Lewis is arguing that ineffective assistance of counsel constitutes cause for the

-18-

procedural default.  *See* Pet'r's Reply Br., Doc. #28, at 11.

Lewis is correct that ineffective assistance of counsel in violation of the Sixth Amendment can constitute cause for procedural default.  *See Jones v. Armstrong*, 367 F. App'x 256, 257 (2d Cir. 2010) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Here, however, the attorney whose actions are alleged to have caused the procedural default was not trial counsel, but the attorney who represented Lewis on the appeal of his first state habeas action.  The actions of habeas appellate counsel generally do not constitute cause to excuse a procedural default because there is no constitutional right to counsel in the appeal of a state habeas action.  *See Coleman v. Thompson*, 501 U.S. 722, 757 (1991) ("Because [the petitioner] had no [constitutional] right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of [his] claims in state court cannot constitute cause to excuse the default in federal habeas.").[3]

Thus, Lewis does not identify cause for the failure to properly brief the claim.  In addition, as discussed above, Lewis

_____

[3]The Court recognizes that the Supreme Court recently "qualifie[d] *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, No. 10-1001, 2012 U.S. Lexis 2317,at *14 (U.S. March 20, 2012).  This "narrow exception" does not apply to this claim, which is not a claim of ineffective assistance at trial.

cannot meet the actual innocence exception.  For these reasons, the petition for writ of habeas corpus is denied as to this claim.

    E.   Ineffective Assistance of Trial Counsel

    In his final ground for relief, Lewis argues that trial counsel was ineffective because he failed to present available exculpatory evidence, review all evidence, listen to the audio tapes made by prison officials of conversations between Lewis and the Carvel supervisor, and properly investigate any and all potential witnesses.[4]  He argues that the habeas court's decision on his ineffective assistance of counsel claim was based on an unreasonable determination of the facts.

    An ineffective assistance of counsel claim is reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail, Lewis must demonstrate, first, that counsel's conduct fell below an objective standard of reasonableness established by prevailing professional norms and, second, that this deficient performance caused prejudice to him.

---

    [4]Although Lewis pursued ineffective assistance of counsel claims on appeal, he has never presented any of these reasons for ineffective assistance to the Connecticut Appellate or Supreme Courts.  Thus, it appears that these particular claims have not been exhausted.  *See Caballero v. Keane*, 42 F.3d 738, 740-41 (2d Cir. 1994) (petitioner must present to federal court the same theory of ineffective assistance of counsel asserted in state court).  The court notes, however, that even if these claims were unexhausted, the court retains the ability to review and deny the claims on the merits.  *See* 28 U.S.C. § 2254(b)(2); *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

*Id.* at 687-88. Counsel is presumed to be competent and the accused bears the burden of demonstrating unconstitutional representation. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

To satisfy the prejudice prong of the *Strickland* test, Lewis must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"; the probability must "undermine confidence in the outcome" of the trial. *Strickland*, 466 U.S. at 694. The court evaluates counsel's conduct at the time the decisions were made, not in hindsight, and affords substantial deference to counsel's decisions. *Rompilla v. Beard*, 545 U.S. 374, 381 (2005). To prevail, Lewis must demonstrate both deficient performance and sufficient prejudice. Thus, if the court finds one prong of the standard lacking, it need not consider the remaining prong.

The habeas court correctly identified *Strickland* as the governing law and applied the two-prong standard in analyzing this claim. Thus, the state court decision is not contrary to clearly established federal law.

The habeas court reviewed the evidence and concluded that Lewis failed to demonstrate deficient performance with regard to the claims that trial counsel failed to present available exculpatory evidence, review all evidence and properly

investigate any and all potential witnesses.  The court noted that Lewis failed to identify any of the evidence that trial counsel failed to review or any witnesses he failed to investigate.  The burden of demonstrating deficient performance was on Lewis.  Absent any indication as to what the witnesses would have stated or what the evidence would have shown, Lewis failed to meet that burden.  *Lewis*, 2007 WL 2757268, at *5.

Lewis also argued that trial counsel failed to introduce a videotape showing that Lewis was miles away from the store at the time of the robbery.  The habeas court dismissed this claim as absurd in light of Lewis' admission that he was in the store and took part in a larceny.  *Id.* at *6.

Regarding the claim that trial counsel was ineffective for failing to listen to the audio tapes prior to trial, the habeas court found that Lewis failed to satisfy the prejudice prong of the *Strickland* test.  The habeas court noted that, even discounting Lewis' admissions regarding the conversations recorded on the audio tapes, the evidence against him was strong. Lewis admitted to participating in a larceny.  The victims testified that he entered the store wearing a mask and black hooded sweatshirt pulled up over his head; both victims saw that he had a gun; he told the supervisor that he was robbing the store; he threatened the supervisor stating that "you don't want to have to die for somebody else's money . . . ." *Id.* at *7. He

then took money from the safe and cash register and left the store.  Based on this evidence, the habeas court concluded that Lewis failed to establish that the result of the trial would have been different if the audio tapes were not introduced.  *Id.*

The habeas court reasonably applied the *Strickland* standard in its analysis of the ineffective assistance of counsel claims.  Accordingly, the petition for writ of habeas corpus is denied as to this claim.

V.   Conclusion

The petition for writ of habeas corpus [**Doc. #1**] is **DENIED**.  The court concludes that Lewis has not demonstrated the denial of a constitutional right.  Accordingly, a certificate of appealability will not issue.  The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 13th day of April 2012, at Hartford, Connecticut.

___/s/ DJS_____

Dominic J. Squatrito
United States District Judge

-23-